UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HOSTER BROTHERS, INC.,** )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>**OKLAHOMA CITY LANDFILL, LLC,** )<br>)<br>    **Defendant.** ) | Case No. CIV-22-842-G |

## ORDER

Now before the Court is Plaintiff Hoster Brothers, Inc.'s Motion to Remand (Doc. No. 5). Defendant Oklahoma City Landfill, LLC has responded in opposition (Doc. No. 6). Plaintiff has replied in further support of its Motion (Doc. Nos. 8, 16).

*I. Background*

Plaintiff initially filed this civil action in the District Court of Oklahoma County, Oklahoma, on August 29, 2022. *See* Pet. (Doc. No. 1-2). The lawsuit stems from a Lease and Landfill Gas Sales Agreement (the "Agreement") entered into by several landowners, including Plaintiff (the "Landowners") and Defendant on January 9, 2012. *See id.* ¶ 6. Under the Agreement, Defendant leased property located at 7001 South Bryant Street, Oklahoma City, Oklahoma, for the operation of a waste collection and landfill facility. *Id.* ¶¶ 6-7. Plaintiff contends that, under the Agreement, the Landowners are entitled to receive royalties from the sale of landfill gas or finished energy product derived from the processing of landfill gas pursuant to definitions and calculations set forth in the Agreement. *Id.* ¶ 8. Plaintiff also contends that, under the Agreement, the Landowners are

entitled to receive a portion of revenues or realized economic benefits from sources other than the conventional sale of gas products, such as environmental or "green" tax credits, pursuant to definitions and calculations set forth in the Agreement ("Environmental Revenue"). *See id.* ¶¶ 12-15.

Plaintiff alleges that Defendant may have miscalculated, and therefore underpaid, the amount of royalties Plaintiff and the other landowners should have received from Environmental Revenue. *See id.* ¶¶ 15-18. Plaintiff alleges that Defendant has exclusive possession of the information necessary to perform any royalty calculations under the Agreement. *See id.* ¶ 19.

Plaintiff sent Defendant a written notice of default on July 17, 2019 (the "Default Notice"). *Id.* ¶ 22. Plaintiff alleges that Defendant provided Plaintiff with revenue and royalty documentation in response to the Default Notice that appears to show that Defendant miscalculated royalties owed based on Environmental Revenue. *See id.* According to Plaintiff, the documentation did not provide sufficient data for Plaintiff to perform its own calculations, given the complexity of the matters involved. *Id.* Plaintiff alleges that it has requested additional information from Defendant relating to revenues and royalties and that Defendant has either refused or improperly delayed providing the requested additional information. *Id.* ¶¶ 19-20, 23, 25. Plaintiff asserts claims for (1) equitable accounting relating to the Agreement and (2) a declaratory judgment that Plaintiff is entitled to an equitable accounting. *See id.* ¶¶ 26-46.

On September 21, 2022, Defendant removed this action to federal court on the basis of diversity jurisdiction. *See* Notice of Removal (Doc. No. 1) at 1-2. Plaintiff timely seeks remand pursuant to 28 U.S.C. § 1447(c). *See* Pl.'s Mot. at 2.

## II.   Legal Standard

"A defendant may remove a civil action initially brought in state court if the federal district court could have exercised original jurisdiction." *Salzer v. SSM Health Care of Okla., Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (citing 28 U.S.C. § 1441(a)). As relevant here, federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

"Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "[T]he policy of the . . . acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

## III.   Discussion

As noted, this case was removed to federal court on the basis of diversity jurisdiction under § 1332(a). There is no dispute that there is complete diversity of citizenship between the parties. *See* Pl.'s Mot. at 4. Plaintiff moves for remand, however, on the basis that

3

Defendant cannot show that the amount in controversy in this action exceeds the $75,000 jurisdictional threshold. *Id.*

When a plaintiff is seeking equitable relief, as here, "the amount in controversy is measured by the value of the object of the litigation." *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). "The Tenth Circuit has followed what has commonly been referred to as the 'either viewpoint rule' which considers either the value to the plaintiff or the cost to defendant of injunctive and declaratory relief as the measure of the amount in controversy for purposes of meeting the jurisdictional minimum." *Id.* "In other words, we look to the pecuniary effect an adverse declaration will have on either party to the lawsuit." *Phelps Oil & Gas, LLC v. Noble Energy Inc.*, 5 F.4th 1122, 1126 (10th Cir. 2021) (internal quotation marks omitted). "[T]he amount in controversy cannot be based on contingent, speculative, or collateral claims that could possibly occur as a result of the judgment." *Id.* at 1127.

Plaintiff seeks an order, under the Court's equitable powers, for an accounting of information in Defendant's possession to determine if Defendant properly calculated royalties under the Agreement and a declaratory judgment that Plaintiff is entitled to such an accounting. *See* Pet. ¶¶ 26-46. If Plaintiff prevails, Defendant will be obligated to provide an accounting. Plaintiff argues that Defendant has not plausibly alleged that providing such an accounting would cost more than $75,000. *See* Pl.'s Mot. at 6. Defendant objects that the object of the litigation is not the accounting, but Defendant's alleged underpayment of royalties. *See* Def.'s Resp. at 4. According to Defendant,

Plaintiff could be entitled to an additional $254,363.95 if Plaintiff's interpretation of the Agreement is correct.[1] *See id.* at 6.  Because Plaintiff seeks an equitable accounting to determine whether it has been underpaid, and that accounting could ultimately be used to support a claim exceeding $75,000, Defendant argues that it has satisfied the amount in controversy requirement.  *See id.* at 6-7.

Having considered the relevant authorities, the Court finds that the object of the litigation is the equitable relief sought by Plaintiff, and not future claims that could be brought based on the results of an accounting.  An accounting could show that Plaintiff is owed more than $75,000, less than $75,000, or nothing at all.  Plaintiff could in turn decide to bring a claim in litigation, or not.  The possibility that Plaintiff could offensively use the results of the accounting in future litigation for a claim that might exceed $75,000 is contingent and speculative and is therefore insufficient to satisfy the amount in controversy requirement.  *See Phelps Oil & Gas*, 5 F.4th at 1127 (rejecting proposition "that more than $75,000 [was] at issue because of the *possibility* that [one defendant] could offensively deploy . . . [the plaintiff's] declaratory judgment victory to hold [another defendant] liable") (emphasis in original).  Therefore, Defendant has not adequately shown that the amount in controversy in this case exceeds $75,000, as required under 28 U.S.C. § 1332(a).

---

[1] Defendant submits two affidavits from Business Unit Finance Manager Sidonie Quick *See* Affs. (Doc. Nos. 1-3, 6-2).  One affidavit avers that if Plaintiff is correct in its interpretation of the Agreement, Plaintiff would be owed more than $75,000.  The other affidavit avers more specifically that Plaintiff would be owed $254,363.95.  Plaintiff contends that, using Defendant's own numbers in the second affidavit, Plaintiff would at most be owed $37,576.36.  *See* Pl.'s Reply (Doc. No. 8) at 7.  Importantly, however, Defendant does not argue that the cost of an accounting alone would exceed $75,000.

CONCLUSION

For the reasons set forth herein, Defendant has not established that the amount in controversy satisfies the requirement for diversity jurisdiction under 28 U.S.C. § 1332(a). The Court therefore concludes that it lacks subject-matter jurisdiction over this matter and GRANTS Plaintiff's Motion to Remand (Doc. No. 5). The Court REMANDS this matter to the District Court of Oklahoma County, Oklahoma, and DIRECTS the Clerk of this Court to send a certified copy of this Order to the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 29th day of March, 2024.

_____
CHARLES B. GOODWIN
United States District Judge